In the brief time that I have to address the court this morning, I intend to confine my remarks to the issue pertaining to the deficiencies in the Oregon State statutory system concerning the determination of competence to stand trial in a criminal case and the manner in which those deficiencies played out in Mr. Lounsbury's case. I will reserve a minute for rebuttal if the court will allow me to do so. In Cooper v. Oklahoma, the United States Supreme Court characterized the burden of proof established and allocated by the Oregon statutes dealing with the determination of a defendant's competence to stand trial as quote-unquote unclear. We now know based on respondents' arguments in this case and the history of Mr. Lounsbury's procedures that it is not just unclear, but the statutory provisions that pertain to the determination of the question of an individual's competence to stand trial in fact contain no standards at all. They allow for completely discretionary and subjective determinations of competence on a case-by-case basis. Wait a minute. First of all, we know that the judge here didn't rule on what the standard was, but he said essentially it didn't matter. He didn't say there wasn't one, did he? At one point in the course of the proceedings, in fact, the trial court did say that it did not matter to him in terms of what the standard was, which flies in the face of the Supreme Court precedent. But we, I mean, as a court, do that all the time. We say, well, you know, there is a controversy about what the standard is. It doesn't really matter because any standard that you apply is going to come out the same way in this case. That this court did not say, that this court did not establish in terms of the trial court, did not establish in terms of its ruling on the record. At no point in time does this record indicate that this was — Now, just a minute. Why does the record have to indicate that all of the thought processes — the judge hears a couple of expert witnesses, and he says, I believe this expert and I don't give much credit to this expert, the second expert. Why does he then have to go through some kind of a jury instruction to himself and then have an allocution of the allocation of the burden of proof? I've never heard of such a thing until I read your brief. Well, Your Honor, I would say that the answer lies in the Supreme Court's decision in Sontoski v. Kramer, where former Justice Blackmun said as follows, basically, this court has never approved case-by-case determination of the proper standard of proof for a given proceeding. Standards of proof, like other procedural rules pertaining to due process, are shaped by the risk of error inherent in the truth-finding process. The court went on to say that since the litigants and the fact-finder must know at the outset of a given proceeding how the risk of error will be allocated, the standard of proof necessarily must be calibrated in advance. Retrospective case-by-case review cannot preserve fundamental fairness when a class of proceedings is governed by a constitutionally defective evidentiary standard. We have no idea, looking at the record in this case, what standard this judge applied. We don't know. So therefore, what we should do, I assume, is assume the most favorable to the defendant's standard and see whether it passes muster. That would require – that would place this Court in the position of basically deciding the issue of Mr. Lonsbury's competence in the first instance. Because no standard had been – You're reviewing the record, assuming – making an assumption that's the most favorable to you. Making an assumption that would be the most favorable to Mr. Lonsbury, which would be basically to place the burden on the State to improve Mr. Lonsbury's incompetence by components of the evidence, which was, in fact, the Federal standard at the time of Mr. Lonsbury's case. Right. And so is that all we need to do here, just do that? No, I don't think that's all you need to do, because Mr. Lonsbury was entitled not to a post-determination by this Court, far after the fact, in hindsight. Mr. Lonsbury was entitled by a competency determination guided by an appropriate constitutional – The only thing that I can see that – there may be a class of cases in which your concern has some merit. And that would be in which the – knowing the burden in advance might affect trial strategy. I mean, if, for example, you had a beyond a reasonable doubt standard versus a preponderance of the evidence standard in a particular class of case, that may influence whether they were a defendant to put a case on, for example. You might decide not to, because the other side hadn't met its burden. But you're not claiming anything like that. I mean, there's no notion here that the course of the trial was influenced by that, by the lack of clarity. I think you answer the question as you, in fact, articulate it here in court, Your Honor. If the defense counsel in this case came to the court, presented an argument concerning the standard of proof, the burden of proof, and the allocation of that burden to that court, raised the very same constitutional argument that Mr. Lonsbury has raised before this Court, based on the precedents that were in place at that particular point in time. Clearly, those lawyers did that in order to have the court reach a determination that was critical to the process of decision. That determination … It's much different for the process of decision as opposed to the way that the hearing was held. I don't think it's so. As a lawyer, in terms of litigating, when you look at what the court wants in terms of its burden, and you look at what your evidence is, and who your witnesses are, and what you need to present, it makes a great deal of difference in terms of how you go about litigating the case. If you are facing a preponderance of the evidence test, if, in fact, the burden is allocated to you as opposed to … That's the difference. In the Supreme Court case that you just referred to and read a part of, they were talking about the standard of proof, whether it's beyond a reasonable doubt, whether it's clear and convincing, whether it's preponderance. I think that's true. You should have to know that. But that case was not talking about who has the burden of proof. That is correct, Your Honor. In terms of the question of allocation, one would seem to follow logically from the other. You identify a standard of proof that guides the determination of the issue. And then in the normal course, one allocates that burden as between the parties that are before the court with respect to the particular claim that is being made, with respect to the particular issue. In this case, neither the statutory structure nor the trial court, when pressed on the issue, articulated either a standard or did the court allocate the burden of proof to the parties. The court rejected the prosecution's statement that they felt that it should be on a defendant. That is correct. The court rejected that. So in effect, it wasn't going to be on a defendant. We don't. Which would be what your concern is. Your Honor, my concern about that is that we don't know from the record where the court said basically to the prosecutor who had argued that they needed to present nothing and that in fact the burden was to be borne by the defense with respect to the determination of competency. All the court says, I don't agree with your observations, counsel. We are left in the void in terms of what, in fact, the judge, the trial court judge actually thought was the burden. For all we know, the court believed that the burden had to be by clear and convincing evidence that sustained by the defense according to that standard. The record simply doesn't tell us anything at all. Well, that isn't true because you said that the burden was not on the defense. I thought you were going to say the opposite. We don't know that he didn't apply a clear, convincing standard to the government. The judge did not specifically state that he did not agree that the burden was on the defense. Well, then what's the fallback? If it isn't on the defense, where is it? It has to be on the statement. It would have to be on the statement. In this instance, we don't know which he agreed with. All he said was, I don't agree with your observation. And he did not fall off at any point. Who is the circuit court judge on this case? Your Honor, that point slips me. I'm sure it does. The prisoner went off to the state hospital for six weeks. He got his head handled by all the experts in the hospital. They came and testified. And if the trial court left the burden on the state and he found that the man was competent, what's wrong with that? Well, what's wrong with it is he got examined by one expert on the part of the state, an employee of the state. And the trial court dismissed out of hand. All those psychiatrists at the state hospital are employed by the state. That's right. They testify all the time. Yes, they do. And they testify as employees of the state. And this trial court judge dismissed out of hand the opinions of two defense experts, a psychiatrist and a clinical psychologist. And not only did he reject their opinions out of hand, but in his own recitation of what he reviewed, he says specifically, I reviewed what they said in the first proceeding, and then I conclude that Dr. Halting, the state employee, has the better argument. He makes no mention whatsoever of the second proceeding where both the defense psychiatrist and the defense clinical psychologist both opined that Mr. Lounsbury was incompetent. There's no mention of that in the trial court's recital of the facts. I'd like to reserve 23 seconds for rebuttal. Thank you. Thank you. May it please the Court. Tim Silvestri for the appellate in this case. A couple of things I want to point out. First, to answer your question, Judge Goodwin, it was Judge Robert P. Jones was the trial judge. One of the issues that was presented on appeal was whether the state court determination that Petitioner was competent was contrary to federal law. The district court found that that was procedurally defaulted. I've argued on appeal that that is correct. Petitioner hasn't argued, taken issue with that decision today or that particular issue this morning. So I have nothing further to add on that particular issue unless the Court's questioned. On the issue of the standard of proof, I think it's important in this case to isolate what we're talking about. There is no dispute what Oregon law requires as to the standard for determining whether someone is or is not competent. The standard is well set out in the statute, and there's never been any dispute about that. The only question has been one of burden of proof. Who has the burden of proof to determine, to establish competency? Now, in this case, I think what the trial judge was essentially saying is it doesn't really matter here. Both of you have come forward with voluminous evidence on both sides of this issue. Oregon law, the statute, does not specifically say that either the defendant or the state has the burden of proof to establish the standard. The state argued that the usual rule is that somebody is presumed competent and that the burden is on, under Oregon law, the burden is on the person coming forward, the movement to establish something, the fact at issue, in order to obtain the relief he seeks. And so under the usual standard of proof, the burden of proof allocation under Oregon law, the burden of proof would be on the defendant. The trial court says, well, I don't really need to decide that because, you know, essentially both of you have come forward with evidence, and I find, based on the evidence presented, that the defendant is competent. It's important to point out. The only reason he wouldn't need to decide it is if he thought that, again, taking the standard most favorably of the defendant, the defendant would obviously lose. Right. I mean, that would be the only explanation, because otherwise it could matter. It could matter. If it were an equipoise or close to equipoise. Right. And if it were a situation where the trial judge said, well, I find that defendant has failed to establish that he is incompetent, that would, in the way, in the manner in which he could. But what do you make of Santosky, then? Well, I think, as the judge pointed out, that that's a different issue entirely. That's a question of the standard of proof. What we're talking about here is who has the burden. Well, but both could certainly matter in some case. That's correct. And it could matter in terms of how the proceeding goes forward. I mean, a defendant might say, well, I'm not going to put on anything else because the burden is on the State, and I think we have enough for a preponderance. But if I knew that we needed to establish a preponderance, I would have put on another witness. Now, they didn't say that here, but. No, this record suggests nothing like that. I mean, this was a hard file. But it could matter. It could matter. And the other thing I want to point out is, again, the difference between the standard of proof is preponderance, clear and convincing, any reasonable evidence. I mean, the standard of proof may make a big difference. How high do I have to prove this? Yeah, but I actually don't see that distinction in terms of Santosky for the reason I just said. The standard of proof could matter, but where the burden is could matter, too. I would agree. In terms of trial tactics or hearing tactics. So in light of that, then why do you make a Santosky? I.e., that the distinction doesn't work very well because ultimately the question is had knowing in advance what you need to prove or how much you have to prove it influence the course of proceedings. Okay. I want to step back to answer your question in a little bit of a roundabout way. There's never been any dispute in this case as to the standard, as opposed to the burden, the standard. There's never been any suggestion by the state that there's a clear and convincing or any higher standard than preponderance. Everybody throughout this has agreed that the preponderance is the appropriate standard. And the only question really has been who does state law allocate that burden of proof to any side in particular. And so to answer your question specifically, perhaps there would be some way for a defendant to say or a litigant to say, well, I didn't know whether I had the burden of proof, and I need to know whether I have the burden of proof because I need to know whether I need to come forward with evidence to establish something or whether I can just sit back and require the other side to prove it. And I think that's your point. In this case, though, even if that were a problem in an abstract sense, it never was a problem in a concrete sense in this case because there was, as has already been pointed out here, the prosecutor started out the hearing suggesting that, and the court said, no, I don't agree with that. And so from what the court said, it is fairly clear that, at least for the court, for purposes of the hearing, was essentially putting the burden of proof on the state. And throughout the court. And that's a little odd because the judge never, I guess it was a later colloquy, and he still refused to quite answer the question. Well, but he did eventually answer the question by saying, I find that the defendant is competent. In other words, the court, after considering all of the evidence, didn't use a burden of proof analysis in order to determine, you know, to resolve the issue. Rather, the court listened to all the evidence and made a determination, yes or no, and made a determination that he, in fact, was competent. And I think that rather than saying defendant failed to make, failed to prove that he was incompetent, the court made a finding that, in fact, defendant is competent. Could I ask, was the defendant's appeal to the state court of appeals, did his brief raise this issue about his competency to stand trial? We don't know from the, there's no opinion from the court of appeals. They gave it their usual AWOP, so we don't know what their thought processes, if any, were. But the Oregon Supreme Court also decided to give a postcard rejection or something, and so we know nothing about what the history of this point, this one point is in this case. That's right. The only judge is Judge Jones, and he said, I give credit to the testimony of the doctors who found him competent. Correct. And that's all there is. Right, right. Petitioner raised both issues in his appeal to the Oregon Court of Appeals. He said, you know, I was deprived of my rights under the federal and state constitution by failing to allocate a burden of proof, and also made a substantive challenge to the determination of competency. He raised both of those issues before the court of appeals. The state responded on both of those issues. The court of appeals affirmed without opinion. Now, it could well, and then when he filed his petition for review to the Oregon Supreme Court, the only issue that he raised before the Oregon Supreme Court was the burden of proof issue. He did not challenge the substantive decision. And so there's no question but that the question of allocating the burden of proof has been fairly presented on appeal, and that there is no decision by the Oregon Court of Appeals or the Supreme Court on that issue. And I would also point out that the Oregon courts never have resolved that issue as far as the burden of proof. It is reasonable to assume what the court of appeals was thinking, and this is kind of the same argument I'm making here today. Well, it doesn't really matter because the court considered all of the evidence and made a finding that defendant is competent, so whether the burden was on the state or whether the burden was on the defendant had no effect on the validity of the substantive decision that the trial court made. Now, to go back and answer, complete answering one of the questions, and that is that he, in his appeal to the court of appeals, and maybe Mr. Schatz can correct me if I'm wrong on this, but my recollection is he never made any sort of argument that, well, if I had known what the burden of proof was, I would have tried this case differently. I would have presented evidence differently. I don't recall that that argument ever was made before the trial court, that that argument was ever made before the court of appeals, or that argument was ever made before the Oregon Supreme Court. And so this isn't a situation where it may be true in an abstract sense, and it is necessary to determine burden of proof for purposes of a hearing to advise the parties who it needs to go forward, but this isn't a case where there's any indication in this record that that would have made any difference. Kagan. But you're ultimately arguing, essentially, and I keep going back and looking at Santoski, which does have some fairly firm words in it, it seems to me ultimately what you're arguing is a sort of correct error kind of argument, i.e., that there's really no prejudice in this case. Well, I think that's true. There is no prejudice in this case. That it certainly would seem wiser if somebody in Oregon could figure out what the burden of proof was to tell people. Well, maybe. And it could matter in some case. Is there a standard of review of the court's determination of that? The court's factual determination of competency? I think that's simply a question of whether there's under 2254 D2 an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. And, you know, as far as the determination of the facts, as I set out in my brief, I think the evidence actually was fairly overwhelming that that defendant was petitioning, was malingering. The evidence was, as far as the ---- Well, it wasn't overwhelming. There was one guy who the judge chose to credit for this stuff. It wasn't tied up to him. Well, the defendant's experts would not say, could not. In fact, one of his experts say that he was able to aid and assist. The other one equivocated on that point. The State's expert came forward. It was the third one, did a far more thorough determination, said that he was able to aid and assist. And I would point out that this issue was also presented to the jury at trial, which found that he was not insane when he committed the crime.  Thank you very much. Just very briefly, Your Honor, first of all, in terms of the record, my opponent errs in characterizing the experts' determinations. Both experts presented by the defense stated during the course of the second hearing in September of 1992 that Mr. Lowensbury could not aid and assist. The question before the Court is one of due process. Are the procedures established by the State of Oregon adequate to protect the rights, a fundamental right of the defendant, to be tried only when competent? The State's position, basically, is that the trial court in this case was of the opinion it didn't matter. I would just simply remind the Court of the Santosky decisions, quoting of Addicting v. Texas, where it said, the function of a standard of proof, as that concept is embodied in the due process clause and in the realm of fact-finding, is to instruct the fact-finder concerning the degree of confidence our society thinks she should have in the correctness of factual conclusions for a particular type of adjudication. To say that it doesn't really matter, this is the whole point. Don't you have a two-layer? Let's assume that there should have been an announcement, that Oregon needs to come up with a standard and people need to know what it is. But then you have two more layers of problems. One is a prejudice problem in terms of this particular record, and the second is AEDPA. In other words, reading the prejudice through the AEDPA, we still want a standard. So how can we possibly get there? Let me address the AEDPA first. All of the cases that are before the Court, for the most part, that lay out the principles that I'm talking about in this instance, that are constitutionally recognized principles discussed in the case law, Medina v. California, Pate v. Robinson, Santosky v. Kramer, are all cases that predated the decision in this case. This Court, the Ninth Circuit, has recognized that you don't need a spotted calf in order to have a resolution under 2254 D.I. come out to find that unreasonable application of the statute. So you would say essentially that Santosky is the clearly established one? Santosky sets the stage within which the – sets the – articulates the principles. Medina v. California and Pate v. Robinson provide the context, because those cases say that the State has to have adequate procedures for the determination of competence as a matter of due process of law. Santosky identifies what those procedures are. One thing I have some trouble with is the fact that – the argument that an attorney would not present certain evidence or not really try as hard to establish it if the burden was on one party as opposed to the other. I can't imagine that an attorney isn't going to present everything he can to prove – It's a matter of – in terms of litigation, it's a matter of how you present things, what things you decide to present, how you present to – you decide to go forward in a certain instance. For example, in this case, ultimately the way in which things worked out, the defense lawyer began to question Dr. Hulting first in the final competency – at the final stage of the competency proceeding rather than having the prosecutor proceed to examine Dr. Hulting on direct exam and then being able to cross-examine Dr. Hulting. But more important, even beyond what the attorney does, Your Honor, what I think is important here and the point I hope to get across is that the burden of proof, the standard of proof instructs the fact finder as to the importance of the decision, how important it is, and what needs to be brought to bear in terms of making the resolution. And without a standard, this judge was adrift, and his articulation of his reasoning demonstrates just how adrift he was because he left out of his summation an entire proceeding, the second stage of the competency determination. Thank you. Thank you very much. The case of Lansbury v. Thompson is submitted. We will go on now.
judges: Goodwin, Hug, Berzon